Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNHARD KÜHMSTEDT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>526 MEDIA GROUP, INC., d/b/a "https://surfaceandpanel.com" and "http://www.materialicious.com", a California corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**Plaintiff's Complaint for**:<br><br>1. Copyright Infringement<br><br>**Jury Trial Demanded** |

Plaintiff, Bernhard Kühmstedt ("Kühmstedt"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Kühmstedt is an individual residing in the Munich, Germany.

5. Kühmstedt is informed and believes and thereon alleges that Defendant 526 MEDIA GROUP, INC., d/b/a "https://surfaceandpanel.com" and "http://www.materialicious.com" ("526 Media Group") is a California corporation that does business in and with California, including without limitation from offices in Costa Mesa, California.

6. Kühmstedt is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive (collectively with 526 Media Group, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Kühmstedt, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

/ / /

7. Kühmstedt is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Kühmstedt proximately caused thereby.

**CLAIMS RELATED TO PLAINTIFF'S SUBJECT PHOTOGRAPH**

8. Kühmstedt is a renowned professional photographer specializing in celebrity and portrait photography. Kühmstedt's work has been widely published and displayed internationally and has featured such world-famous celebrities as Christina Aguilera, Justin Timberlake, and the Red Hot Chili Peppers.

9. Kühmstedt created and owns the original photograph of Alicia Keys depicted in **Exhibit A** attached hereto (the "Subject Photograph").

10. Kühmstedt is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photograph.

11. The Subject Photograph is registered with the U.S. Copyright Office and/or was first published abroad, exempting Kühmstedt from the registration requirements set out in 17 U.S.C. § 411(a) for said photograph.

12. Prior to the acts complained of herein, the Subject Photograph was published to the public and otherwise made widely available to viewers.

13. Upon information and belief, Kühmstedt alleges that Defendants, and each of them, have willfully copied, reproduced, and distributed the Subject Photograph for commercial benefit by, without limitation, reproducing the Subject Photograph online, including without limitation at website *https://materialicious.com*, which is owned and operated by 526 Media Group.

True and correct copies and screen captures of Defendants' unauthorized uses are depicted in **Exhibit A** ("Infringing Content"). These copies and screen captures represent non-inclusive exemplars of the Infringing Content.

14. Upon information and belief, Kühmstedt alleges that Defendants, and each of them, had access to the Subject Photograph, including through magazines, publications, and Kühmstedt's numerous online profiles and features, online publications and press featuring Kühmstedt's work, Kühmstedt's social media accounts, and/or through viewing the Subject Photograph on third-party websites and search engines.

15. Kühmstedt has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, create derivative works of, or otherwise exploit the Subject Photograph. The Defendant did not contact Kühmstedt and obtain a license to use the Subject Photograph before the exploitation at issue.

16. On August 2, 2022, Kühmstedt, through his attorneys, sent a letter to Defendant notifying the Defendant of their infringing activity and demanding that Defendant cease and desist all infringing uses of Kühmstedt's copyrighted work. Defendant failed to resolve the matter, necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

17. Kühmstedt repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

18. Kühmstedt alleges on information and belief that Defendants, and each of them, accessed the Subject Photograph by, without limitation, viewing the Subject Photograph in magazines or other publications, or on Kühmstedt's website or social media profiles, on other sites online, in physical publications, or in Kühmstedt's numerous online profiles. Access is further evidenced by the Subject Photograph's exact reproduction in the Infringing Content.

19.     Kühmstedt alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph online at least on the website depicted in **Exhibit A** hereto.

20.     Kühmstedt alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public for commercial benefit.

21.     Due to Defendants', and each of their, acts of infringement, Kühmstedt has suffered general and special damages in an amount to be established at trial.

22.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Kühmstedt's rights in the Subject Photograph. As such, Kühmstedt is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Kühmstedt's rights in the Subject Photograph in an amount to be established at trial.

23.     Kühmstedt alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

/ / /

/ / /

# PRAYER FOR RELIEF

Wherefore, Kühmstedt prays for judgment as follows:

**Against all Defendants, and Each, with Respect to Each Claim for Relief:**

a. That Defendants—each of them—and their respective agents and servants be enjoined from reproducing, displaying, distributing, disseminating, or otherwise exploiting the Subject Photograph or otherwise violating Kühmstedt's exclusive rights in the Subject Photograph;

b. That Kühmstedt be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101, 504, et seq.;

c. That Kühmstedt be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101, 505, et seq.;

d. That Kühmstedt be awarded pre-judgment interest as allowed by law;

e. That Kühmstedt be awarded the costs of this action; and

f. That Kühmstedt be awarded such further legal and equitable relief as the Court deems proper.

Kühmstedt demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: April 12, 2023       By:   /s/ *Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Frank R. Trechsel Esq.
DONIGER/BURROUGHS
Attorneys for Plaintiff